NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PEARLIE M. BRUNSON,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2023-1936

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 21-4225, Judge Scott Laurer.

---

Decided: April 8, 2024

---

PEARLIE M. BRUNSON, Monetta, SC, pro se.

JOSEPH ALAN PIXLEY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY.

---

Before TARANTO, STOLL, and STARK, *Circuit Judges.*

Per Curiam.

In August 1969, Pearlie Mae Brunson was legally married under South Carolina law to Wallace G. Brunson, Jr., a veteran with active service in the U.S. Army from June 1969 to June 1971. Appx17, 22, 75.[1] After the Brunsons' legal divorce in July 2014 and Mr. Brunson's death in March 2016, Appx19, 25, Ms. Brunson filed a claim for VA death benefits, stating that she was entitled to such benefits because she was Mr. Brunson's surviving spouse, Appx80–81. The Regional Office denied that claim in August 2016, stating that because the Brunsons had legally divorced in July 2014 and were not married at the time of Mr. Brunson's death, Ms. Brunson could not, under the applicable statutes and regulations, be recognized as Mr. Brunson's surviving spouse. Appx60, 63. The Board of Veterans' Appeals (Board) affirmed that decision, Appx7, and the U.S. Court of Appeals for Veterans Claims (Veterans Court) affirmed the Board, *Brunson v. McDonough*, No. 21-4225, 2023 WL 1771250 (Vet. App. Feb. 6, 2023).

Ms. Brunson appeals the Veterans Court's decision. We must dismiss because the appeal raises no issue that is within our limited jurisdiction. In particular, as relevant here, our jurisdiction is limited to "relevant questions of law, including interpreting constitutional and statutory provisions," but we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case," unless that challenge "presents a constitutional issue." 38 U.S.C. § 7292(d); *see also* § 7292(a). Here, we have no challenge to a Veterans Court's decision on the validity or interpretation of a statute or regulation, on constitutional issues, or on any other relevant questions of law.

---

[1]    "Appx" refers to the appendix filed by the Secretary in this court with its brief as appellee.

The Veterans Court, in its decision, reviewed the Board's application of the relevant statutes and regulations—those which define a "surviving spouse" for purposes of awarding VA death benefits—to the facts of Mrs. Brunson's claim. *See Brunson*, 2023 WL 1771250, at \*1–2 & nn.2 & 6 (citing 38 U.S.C. § 101(3); 38 C.F.R. § 3.50(b)). And it is that application of law to facts (which we do not have jurisdiction to review) that Ms. Brunson challenges here. *See, e.g.*, Ms. Brunson's Informal Brief Part 2 at 4 ("I don't agree with what the Secretary argues that since the couple divorce[d] and didn't remarry, [the] Secretary stated that I [don't] qualify as a surviving spouse. I disagree with that decision."). In her brief on appeal, Ms. Brunson concededly does not claim to present a question of law or a constitutional issue. *See* Ms. Brunson's Informal Brief Part 1 at 1–2 (affirming that the Veterans Court's decision did not "involve the validity or interpretation of a statute or regulation" and did not "decide constitutional issues").

Because we do not have jurisdiction to review the challenge to the Veterans Court's decision that Ms. Brunson presents, we must dismiss her appeal.

The parties shall bear their own costs.

**DISMISSED**